UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES,

    Plaintiff,

v.                                                      Case No.: 8:06-cr-465-T-24 EAJ

JAIRO GAMBOA-VICTORIA,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Jairo Gamboa Victoria's Reconsideration and Reclassification Motion. (Doc. 157). For the reasons explained below, this motion is **DENIED**.

## I.    Background

On February 27, 2007, Mr. Gamboa-Victoria pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction and one count of possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction. (Docs. 50, 70, 76). On February 28, 2007, this Court accepted the pleas and adjudicated the defendant guilty. (Doc. 76).

On July 27, 2007, this Court sentenced Mr. Gamboa-Victoria to 240 months' incarceration, concurrent as to Counts One and Two, followed by 120 months of supervised release. (Doc. 120).

On August 6, 2007, Mr. Gamboa-Victoria filed a notice of appeal. (Doc. 125). On May 13, 2008, the Eleventh Circuit permitted appellate defense counsel to withdraw after counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (Doc. 146). On May 13,

2008, the Eleventh Circuit affirmed the convictions, finding "no issues of arguable merit." (Doc. 146). Mr. Gamboa-Victoria did not petition the U.S. Supreme Court for review.

On August 10, 2009, Mr. Gamboa-Victoria filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of appellate and trial counsel. (Doc. 150). On August 21, 2009, this Court denied the § 2255 motion. (Doc. 151).

On June 7, 2012, Mr. Gamboa-Victoria filed a Motion for Miscellaneous Relief requesting consideration for the fast-track program. (Doc. 155). On June 21, 2012, this Court denied the motion. (Doc. 156).

On July 9, 2012, Mr. Gamboa-Victoria filed the instant motion for reconsideration of his motion for miscellaneous relief, now seeking to have the motion construed as a 28 U.S.C. § 2255 motion. (Doc. 157).

**II.    Discussion**

On July 9, 2012, Mr. Gamboa-Victoria filed the instant motion to reconsider and reclassify, asking the Court to re-classify his earlier motion for fast-track eligibility (Doc. 155), as a 28 U.S.C. § 2255 motion. (Doc. 157, p.1). As an initial matter, a motion to reconsider is justified if there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. See Williams v. United States, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011). None of these factors are present in this case.

A new legal argument ordinarily cannot be raised in a motion to reconsider. See, e.g., Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("This Circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law" and that new

evidence should not be considered absent some showing that the evidence was not available during the pendency of the motion).

However, even if this Court were to consider Mr. Gamboa-Victoria's motion as a 28 U.S.C. § 2255 motion, his motion would be untimely. Section § 2255(f)(3) states that the one year statute of limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." See 28 U.S.C. § 2255(f)(3). There is no Supreme Court or Eleventh Circuit precedent recognizing a new right under Missouri v. Frye, 132 S. Ct. 1399 (2012) as applicable on collateral review. In the absence of precedent holding that Frye is retroactive, the one-year statute of limitations period does not run from the date of that decision.[1] Mr. Gamboa-Victoria's motion to reconsider is therefore denied.

### III. Conclusion

Accordingly, Jairo Gamboa-Victoria's Reconsideration and Reclassification Motion (Doc. 157), is **DENIED**.

---

[1] Nor does it appear that Frye is even on point with Mr. Gamboa-Victoria's argument that his counsel was required under Frye to argue for fast-track eligibility as part of his plea bargaining process. (Doc. 157, p.3). Frye held that a defense attorney must convey a formal plea offer to a defendant. See Frye, 132 S. Ct. at 1408. Frye does not define a right to have defense counsel bargain for a particular outcome, such as fast-track eligibility. Id. ("Bargaining is, by its nature, defined to a substantial degree by personal style. The alternative courses and tactics in negotiation are so individual that it may be neither prudent nor practicable to try to elaborate or define detailed standards for the proper discharge of defense counsel's participation in the process. . . . This case presents neither the necessity nor the occasion to define the duties of defense counsel in those respects, however. Here the question is whether defense counsel has the duty to communicate the terms of a formal offer to accept a plea on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both.").

**DONE AND ORDERED** at Tampa, Florida, this 10th day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner